

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 1 4 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**KRISTIN HANDY, JELESSA WILLIAMS and**
**CEDRIC CLARK, Each Individually and on**
**Behalf of All Others Similarly Situated**

**PLAINTIFF**

This case assigned to District Judge _Baker_
and to Magistrate Judge _Deere_

vs.                                      No. 3:20-cv-_55_ - _KGB_

**LANGSTON COMPANIES, INC.**                        **DEFENDANT**

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

COME NOW Plaintiffs Kristin Handy, Jelessa Williams and Cedric Clark ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendant Langston Companies, Inc. ("Defendant"), they do hereby state and allege as follows:

**I.      PRELIMINARY STATEMENTS**

1.      This is a collective action brought by Plaintiffs, each individually and on behalf of all other hourly-paid employees employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.      Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.    Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.    JURISDICTION AND VENUE

4.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.    Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.    The acts complained of herein were committed and had their principal effect within the Northern Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7.    Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

8.    The witnesses to overtime wage violations alleged in this Complaint reside in this District.

9.    On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III.    THE PARTIES

10.    Plaintiffs repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11.     Plaintiff Handy is a citizen of the United States and a resident and domiciliary of Acadia Parish in Louisiana.

12.     Plaintiff Williams is a citizen of the United States and a resident and domiciliary of Pulaski County.

13.     Plaintiff Clark is a citizen of the United States and a resident and domiciliary of Crittenden County.

14.     Plaintiffs were employed by Defendant as hourly-paid factory employees within the three years relevant to this lawsuit.

15.     At all material times, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

16.     Defendant is a foreign, for-profit corporation, with its foreign address in Memphis, Tennessee.

17.     Defendant's registered agent for service in Arkansas is Roy W. Wooten, at 203 Marion Lake Cove, Marion, Arkansas 72364.

18.     Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

19.     Defendant is a leading supplier of various types of bags and other packing-related products and services, including multiwall paper sacks, cotton bale packaging, flexible intermediate bulk containers, and small woven polypropylene bags.

20.     Defendant operates six manufacturing facilities worldwide, including five in the United States and one facility in West Memphis.

21.    Defendant has one corporate headquarters in Memphis that centralizes all pay, time and human resource policies so that they are the same across its facilities.

22.    During the time period relevant to this case, Plaintiffs were employed at Defendant's manufacturing facility in West Memphis.

23.    Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

24.    Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

25.    Defendant has unified control over employees and exercises authority over Plaintiffs and other employees, sets the pay policy applicable to Plaintiffs and other employees and controls the work schedule of Plaintiffs and other employees.

26.    During each of the three years preceding the filing of this Original Complaint, Defendants continuously employed at least four (4) employees.

27.    Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

## IV.    FACTUAL ALLEGATIONS

28.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

29.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiffs worked for Defendant as hourly-paid factory employees.

30.     Plaintiffs and other hourly-paid factory employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

31.     Plaintiffs and other hourly-paid factory employees were classified as hourly employees and paid an hourly rate.

32.     Plaintiffs and other hourly-paid employees recorded their hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendant.

33.     The payroll system used by Defendant rounded hours worked by Plaintiffs and other hourly-paid factory employees in favor of Defendant.

34.     For example, if an hourly-paid employee clocked in at 7:45 am, the payroll system recorded his or her start time as 8:00 am. Likewise, if an hourly-paid employee clocked out at 5:15 pm, Defendant's payroll system recorded his or her end time as 5:00 pm.

35.     The rounding in Defendant's time keeping system resulted in several hours of unpaid work each month for Plaintiffs and other hourly-paid factory employees.

36.     Plaintiffs worked for Defendant at Defendant's facility in West Memphis (hereinafter the "West Memphis facility") and Defendant's pay practices were the same for all hourly factory employers at the West Memphis facility.

37.     The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendant's corporate headquarters.

38.     Defendant knew, or showed reckless disregard for whether, the way they paid Plaintiffs and other hourly-paid factory employees violated the FLSA and AMWA.

39.     Defendant's hourly-paid factory employees were classic manual laborers, working with machinery and equipment to produce Defendant's products in a factory setting.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

40.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

41.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

42.     Plaintiffs bring their FLSA claims on behalf of all hourly-paid factory employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

43.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

44.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.    They were paid hourly rates;

C.    They recorded their time in the same manner; and

D.    They were subject to Defendant's common policy of rounding time worked in Defendant's favor.

45.    Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 500 persons.

46.    Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's' FLSA claim.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

56.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

57.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in

a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58.     During the period relevant to this lawsuit, Defendant classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

59.     Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

60.     Defendant's failure to properly pay overtime wages to Plaintiffs stems from Defendant's acts of illegally rounding hours worked by Plaintiffs in Defendant's favor and not paying Plaintiffs for all hours worked.

61.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

62.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

63.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

64.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

65.     Plaintiffs bring this collective action on behalf of all hourly-paid employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

66.     Plaintiffs bring this action on behalf of themselves individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

67.     During the period relevant to this lawsuit, Defendant classified Plaintiffs and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

68.     Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

69.     In the past three years, Defendant has employed hundreds of hourly-paid factory employees.

70.     Like Plaintiffs, these hourly-paid factory employees regularly worked more than forty (40) hours in a week.

71.     Defendant failed to pay these workers at the proper overtime rate.

72.     Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

**Each hourly-paid factory employee who worked more than thirty-nine (39) hours in any week within the last three years.**

73.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

74.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorneys' fees as provided by the FLSA.

75.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

76.     Plaintiffs repeat and re-allege all previous paragraphs of this Original Complaint as though fully incorporated in this section.

77.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

78.     At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

79.      Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

80.     Defendant failed to pay Plaintiffs all overtime wages owed, as required under the AMWA.

81.     Defendant's failure to properly pay overtime wages to Plaintiffs stems from Defendant's acts of illegally rounding hours worked by Plaintiffs in Defendant's favor and not paying Plaintiffs for all hours worked.

82.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

83.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

84.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Kristin Handy, Jelessa Williams and Cedric Clark, respectfully pray that Defendant be summoned to appear and to answer herein as follows:

(A)     That Defendant be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

(B)     A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(C)     A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

(F)     Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(H)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

(I)     An order directing Defendant to pay Plaintiffs and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(J)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**KRISTIN HANDY, JELESSA WILLIAMS and CEDRIC CLARK, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**KRISTIN HANDY, JELESSA WILLIAMS and**                    **PLAINTIFFS**
**CEDRIC CLARK, Each Individually and on**
**Behalf of All Others Similarly Situated**


vs.                                    No. 3:20-cv-_____


**LANGSTON COMPANIES, INC.**                              **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Langston Companies, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.



**KRISTIN HANDY**
February 14, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**KRISTIN HANDY, JELESSA WILLIAMS and**                          **PLAINTIFFS**
**CEDRIC CLARK, Each Individually and on**
**Behalf of All Others Similarly Situated**


vs.                                         No. 3:20-cv-_____


**LANGSTON COMPANIES, INC.**                                      **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION

 I was employed as an hourly worker for Langston Companies, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.


_____
**JELESSA WILLIAMS**
February 14, 2020




**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**KRISTIN HANDY, JELESSA WILLIAMS and**                                    **PLAINTIFFS**
**CEDRIC CLARK, Each Individually and on**
**Behalf of All Others Similarly Situated**


vs.                                         No. 3:20-cv-_____


**LANGSTON COMPANIES, INC.**                                               **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

        I was employed as an hourly worker for Langston Companies, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.


                                         _____
                                         **CEDRIC CLARK**
                                         February 14, 2020


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**